16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Grover Harold PHILLIPS, Plaintiff-Appellant,
v.
DUNNAHOO AND ASSOCIATES LEASING, Defendant-Appellee.
 No. 93-5162.
 United States Court of Appeals, Tenth Circuit.
 Feb. 15, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's affirmance of the bankruptcy court's dismissal of his adversary proceeding. Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code, but neglected to include defendant as a creditor. After a discharge order was entered in the "no-asset" bankruptcy, defendant brought suit in state court to collect money owed by plaintiff. Eventually, plaintiff filed an adversary proceeding in the bankruptcy court asking the court to reopen his case so that he could amend his creditor schedules and effect a discharge of his debt to defendant. The bankruptcy court declined to reopen the case and dismissed the adversary proceeding. The district court affirmed that decision.
 
 
 4
 The Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. 350(b). Whether or not a case is reopened pursuant to that authority, however, is a matter committed to the sound discretion of the bankruptcy court. In re Bianucci, 4 F.3d 526, 528 (7th Cir.1993). No abuse of that discretion is established by plaintiff. In the interest of finality of discharge orders, we hold that the bankruptcy court did not abuse its discretion in refusing to reopen plaintiff's bankruptcy case and dismissing the adversary proceeding.
 
 
 5
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470